SIMMONS *v.* THE STATE.

Where the pressure of the case is not upon the *corpus delicti* but upon, the question who is the guilty party, and all the evidence inculpating the accused is circumstantial, it is error for the court to instruct the jury that the case is not founded entirely upon circumstantial testimony, but that there is both positive and circumstantial evidence.

April 21, 1890.

Criminal law. Charge of court. Evidence. Before Judge RONEY. Columbia superior court. September term, 1889.

Indictment for burglary. On the trial it appeared that on the night of May 15, 1889, the store of A. S. Hardin, at Sawdust in Columbia county, was broken open, apparently with a bar, and goods worth about $150 were taken from it. Among these goods were a large number of pairs of shoes of different kinds. About one o'clock in the afternoon before the breaking the defendant was in Hardin's store. He bought some ginger-snaps, and looked at and selected a pair of shoes similar to a pair found on his person nearly a month after the burglary. He did not purchase, and the shoes he selected were put back into the box from which they had been taken. This box or one similar was stolen from the store that night and was found near the store the next day. On the afternoon before the burglary the de-

fendant said to the clerk in the store who showed him
the shoes, that he thought some one slept in the store,,
and was told no. He said he knew Hardin, but it.
seems that Hardin did not know him. Two other men
were seen in the neighborhood of the store. The clerk
saw them go off together, but did not see defendant go·
with them. Defendant was seen on the same afternoon
with another man in a plum orchard, about a quarter of a.
mile from the store, between three and four o'clock;.
they seemed to be eating ginger-snaps. They had also,
wrapped in a piece of paper, something about the size:
of an iron bar which was found after the burglary not
very far from the store. One of them, not the defendant,
carried the bar off; he said that they were the sons of·
one Rogers, of Atlanta, and that they were having va-
cation from college. Defendant did not say anything.
On the same day a man was seen by another witness,
near the store, alone, with something on his shoulder
wrapped in a piece of paper, about the size of the bar
mentioned above and apparently heavy, and wearing a
pair of shoes like an old pair found near the box stolen.
He looked like a white man; the defendant appears to
be colored. Hardin's clerk testified that, about eleven
o'clock of the day before the burglary, two men came
down the railroad; one, a white man, came into the store;
the other went on, carrying something that looked like a
bar. Witness did not recognize the latter as the de-
fendant. Defendant was arrested at Griffin, Ga., after
having been traced to other places, nearly a month after·
the burglary. He gave conflicting accounts of where
he had stayed and the places to which he had been. He.
said that he lived in Griffin, and was going to Augusta to·
work, and that when he got to Augusta he did not like
the water and did not try to get work there. He denied
having had anything to do with the burglary, but ad-
mitted being in the store that afternoon. The shoes in

v 85-15

question had been bought by Hardin from Moore, Marsh & Co., wholesale dealers in Atlanta, who dealt largely in such shoes, but no other merchants in Sawdust bought them. Defendant said that he bought the shoes from a person in Augusta; that he selected a pair of shoes from Hardin but did not call for them. He did, not say whether or not the shoes found on him were these shoes. He told a witness that he got the shoes from Bill Simmons, who gave them to him in Augusta.

After verdict of guilty, a new trial was asked, on the following grounds:

(1–2) Verdict contrary to law and evidence.

(3) Error in recharging the jury, after they had been out more than twelve hours without being able to agree, on the law of circumstantial evidence, and in confining the charge to that branch of the law.

(4) Error in charging the jury that this was a case of both positive and circumstantial evidence.

(5) Error in recharging as follows: "The object of all testimony, both circumstantial and positive, is for the purpose of ascertaining the truth. Positive testimony and circumstantial testimony are the same in effect when they equally convince the mind; it is not necessary that every fact be proved by positive testimony. The law says that the degree of conviction must be the same; that is, both must go to the extent of producing conviction upon the minds of the jury. A fact may be proved by circumstantial testimony as well as by direct testimony. The rule of law is, where there is nothing but circumstantial testimony, the circumstances ought to a reasonable and moral certainty connect the defendant with the criminal act, and should exclude every other reasonable hypothesis but that of his guilt. Circumstantial evidence is sufficient upon which to arrive at a conclusion."

(6) Error in charging as follows: "Take a case

where there is both circumstantial and positive testimony. This case is not founded entirely upon circumstantial testimony; there is both positive and circumstantial testimony. The law says the testimony must carry conviction to the minds of the jury beyond a reasonable doubt of the guilt of the defendant, before they can so find. If the testimony satisfies the mind of the jury beyond a reasonable doubt, that is all that is necessary for the jury. Now as I have stated, the truth can be reached both by circumstantial and positive testimony, and by one as well as the other, or else the law would not allow a conviction upon circumstantial testimony." The error assigned is that, in stating that " this case is not founded entirely upon circumstantial testimony; there is both positive and circumstantial testimony," the judge expressly excluded from the consideration of the jury the rule applicable to cases where the testimony is solely circumstantial, and also in adding that the truth can be reached both by circumstantial and positive testimony, and by one as well as the other.

The motion was overruled, and defendant excepted.

TWIGGS & VERDERY, for plaintiff in error.

BOYKIN WRIGHT, solicitor-general, for the State.

BLECKLEY, Chief Justice.

There was no contest at the trial and no ground for any in the evidence as to the *corpus delicti*. The sole questionable element of the case was as to whether the person accused and on trial was the burglar. The inculpatory evidence tending to identify him as the guilty party was wholly circumstantial. It was very strong evidence, and had he been convicted without any substantial error of the court in charging the jury, we should have been altogether satisfied with the verdict. It seems from the record that the jury hesitated. They

remained out from twelve to twenty hours; then returned and requested the court for a further charge in reference to circumstantial testimony. Responding to this request, a further charge was given, in which the court said amongst other things: "This case is not founded entirely upon circumstantial testimony. There is both positive and circumstantial testimony." We think the jury must have understood this to mean that there was some direct evidence to connect the accused with the offence charged; for that was the only part of the case upon which the jury could have felt any want for further instruction. There was nothing else to cause them to hesitate for a minute, much less for more than a dozen hours. We think also that, taking the language above quoted in connection with the context, the court meant by positive testimony the same as direct testimony, inasmuch as positive was contrasted not with negative but with circumstantial testimony. As we have already said, there is no direct evidence whatever as to who was the perpetrator of the burglary. No witness knew who committed it, nor could the jury know except by inference from the various facts and circumstances established by the evidence. The question of the prisoner's connection with the offence should have been settled by the jury, without any intimation from the bench that the evidence was not wholly circumstantial as against him; for such was its nature and character. That being true, to warrant a conviction, it had to be of such force as to exclude every other reasonable hypothesis save that of the guilt of the accused. *Orr* v. *The State*, 34 *Ga.* 342; *Martin* v. *The State*, 38 *Ga.* 293. Although we find no other error in the charge of the court complained of, we feel constrained to order a new trial. Were we a jury and not merely a reviewing court, we might feel warranted in allowing the conviction to stand. But the right of trial by jury

involves the right to be tried without any material error in the charge of the court as to the nature of the evidence by the aid of which the jury are to arrive at their verdict.                    *Judgment reversed.*