## 7026.   REDWINE v. THE STATE.

RUSSELL, C. J.   The paramount, ever-essential element of the offense of cheating and swindling, as defined by the "labor-contract act" of 1903 (Penal Code, § 715), is the intent to defraud, which must be proved to be coexistent with the contract. *Patterson v. State,* 1 *Ga. App.* 782 (58 S. E. 284).   Ordinarily, proof of the intent entertained by a person at a particular time can only be made by circumstantial evidence. Where, from the circumstances illustrating the intent, there are two equally reasonable theories, the one consistent with innocence, and the other supporting the inference of guilt, the law requires the jury to adopt that theory which is consistent with innocence and to acquit the accused (Penal Code, § 1010), and in such a case the verdict of a jury dependent upon giving to the circumstances, illustrating the intent entertained by the accused at the time that he made the contract to labor, the construction which attributes to him a fraudulent intent, instead of preferring an equally reasonable construction of the circumstances, which would authorize the inference that he did not entertain a fraudulent intent at the time of entering the contract, is contrary to law, because it violates this section of the code.

2. Proof of facts indicating that the accused formed a fraudulent intent after advances were made is not sufficient to authorize a conviction of a violation of section 715 of the Penal Code.

                              *Judgment reversed.   Broyles, J., dissents.*

DECIDED JANUARY 28, 1916.

Accusation of cheating and swindling; from city court of Newnan—Judge Post.   October 26, 1915.

*J. C. Newman,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

BROYLES, J., dissenting.   I do not differ with my colleagues as to what is the correct construction of the "labor-contract law," but, in my opinion, the facts in this case were sufficient to authorize the jury to find that the accused, at the time he entered into the contract, had formed the intent to defraud the prosecutor.