### 54976. ROBERSON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction based on a jury verdict finding him guilty under both counts of an indictment; Count 1, theft of services, and Count 2, "bad

check." *Held:*

1. "A person commits theft of services when by deception and with the intent to avoid payment he knowingly obtains services, accommodations, entertainment, or the use of personal property which are available only for compensation." Code Ann. § 26-1807 (Ga. L. 1968, pp. 1249, 1293). The essential ingredient of the offense is the intention to avoid payment.

The state's evidence showed the defendant obtained the services of the prosecuting witness to repair certain equipment. Arrangements were made for the defendant to pick up the equipment after work was completed thereon and payment was to be made later when the information necessary to the billing invoices was compiled. This was done and the defendant paid by check. Subsequently the defendant stopped payment on the check. When questioned by the prosecuting witness the defendant told him to "see my lawyer."

The defendant's evidence showed that after making payment he discovered that the work was improperly done and therefore stopped payment on the check. Two witnesses for the defendant testified as to the necessity for correcting improper installation of parts to the equipment and to the accomplishing of such corrections. The defendant stated he told the prosecuting witness he would pay him after he got the bills for the corrective repairs and deducted such sums from the amount owed. No written notification of improper repairs was given by the defendant until after an arrest warrant was issued.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109. "When a conviction rests on circumstantial evidence alone, and this evidence supports more than one theory — one consistent with the guilt of the accused and another with innocence — it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt." *Carr v. State,* 119 Ga. App. 540 (167 SE2d 707). In *Cooper v. State,* 2 Ga. App. 730 (59 SE 20) (1907), the court held that "if the circumstances from

which a guilty intent could be inferred are equally consistent with an innocent intention or an intention different from that charged against the accused, he should be acquitted."

Here the state's evidence to show intent was circumstantial: the defendant's stopping payment on the check and refusing to discuss the matter with the prosecuting witness would tend to show an intent to avoid payment. However, by testimony of two unimpeached witnesses the defendant showed a valid reason to stop payment, i.e., improper repair of his equipment.

A clear recital of the principle here involved is found in *Redwine v. State,* 17 Ga. App. 560 (1) (87 SE 829): "The paramount, ever-essential element of the offense of cheating and swindling, as defined by the 'labor-contract act' of 1903 (Penal Code, § 715), is the intent to defraud, which must be proved to be co-existent with the contract. *Patterson v. State,* 1 Ga. App. 782 (58 SE 284). Ordinarily, proof of the intent entertained by a person at a particular time can only be made by circumstantial evidence. Where, from the circumstances illustrating the intent, there are two equally reasonable theories, the one consistent with innocence, and the other supporting the inference of guilt, the law requires the jury to adopt that theory which is consistent with innocence and to acquit the accused."

The defendant's conviction for theft of services was not authorized. See *Adams v. State,* 145 Ga. App. 124.

2. The state concedes there was no evidence to sustain a conviction with regard to Count 2. The judgment entered on the verdict made no express reference to that count. However, since the issue was allowed to go to the jury, which found the defendant guilty on both counts, we also reverse on that basis.

*Judgment reversed. Webb and McMurray, JJ., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED APRIL 18, 1978.

*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer, William W. Daniel,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney, Fred E. Bartlett,* for appellee.