## 66320. MANN v. THE STATE.

POPE, Judge.

Edward Scott Mann was found guilty of armed robbery and sentenced to fifteen years, to serve seven. He now brings this appeal. *Held:*

1. Appellant cites as error the trial court's failure to grant either a motion for directed verdict of acquittal or a motion for new trial on the ground that there existed on the indictment a defective date. The subject crime occurred on June 15, 1982, but the indictment listed the date of the offense as June 14, 1982. Appellant argues that because of the defective date, he was unable to properly prepare his case.

OCGA § 17-9-1 (b) (Code Ann. § 27-1802) provides: "The defendant shall be entitled to move for a directed verdict at the close of the evidence offered by the prosecuting attorney or at the close of the case. . . ." In this case appellant moved for a directed verdict before any evidence was presented; thus, the trial court did not err in denying that motion. In addition, "[a]ssuming . . . that there was a variance between the allegata and the probata in regard to the time of the commission of the crime, a motion for directed verdict was not the

proper vehicle for obtaining relief. The [appellant] should have made a motion for continuance, postponement or recess if surprised by a time variance." *Roberts v. State,* 149 Ga. App. 667, 668 (255 SE2d 126) (1979). The appellant did move for a continuance in the instant case; however, he later withdrew that motion, thus forgoing his remedy.

Furthermore, the trial court offered appellant's counsel a recess in which to prepare his alibi witnesses for a different date. However, counsel declined the offer. In *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668 (239 SE2d 686) (1977), appellant moved for a continuance in order to take the deposition of a witness whose name had not been supplied to him. The court offered counsel time to interview the witness and after that to make any further objections or motions deemed necessary, but counsel refused the offer. "The proper procedure would have been to accept the offer of interview and then to seek any additional relief thought necessary . . . [T]he same general principle has been applied . . . even where the prosecution [in a criminal case] surprises the defense with a material variance at trial." *Redwing Carriers, Inc. v. Knight,* supra at 673. See *Caldwell v. State,* 139 Ga. App. 279, 287 (228 SE2d 219) (1976).

Moreover, appellant in the case at bar does not appear to have suffered any harm as a result of the contradictory dates. "[I]f defendant, relying upon an alibi defense for the time alleged in the indictment, is surprised and prejudiced by a time variance, upon his motion therefor he will be afforded sufficient time to prepare his defense to meet the new date." *Caldwell v. State,* supra at 287. Our review of the record shows that the indictment containing the date June 14, 1982 did not mislead or misinform appellant in such a manner as to impair his ability to defend nor did it surprise him at trial. See generally *Maxey v. State,* 159 Ga. App. 503 (1) (284 SE2d 23) (1981); *Cole v. State,* 142 Ga. App. 461, 463 (236 SE2d 125) (1977). Thus, we find the trial court correct in denying appellant's motion for directed verdict and his motion for new trial.

2. Appellant lists several enumerations of error contending that the evidence was not sufficient to support the verdict, including a motion for directed verdict made at the close of the trial. The evidence shows that on the afternoon of June 15, 1982 appellant entered Dean Lott's Furniture Store and robbed the owner at gunpoint. During the course of the robbery the owner's wife entered the store. Both the owner and his wife positively identified appellant on the date of his arrest and at trial as their assailant. In addition, they identified the automobile used by appellant in the robbery. Thus, we find the evidence more than sufficient for any rational trier of fact to have found appellant guilty of the crime charged beyond a

reasonable doubt. See *Wade v. State,* 162 Ga. App. 189 (290 SE2d 535) (1982).

3. Appellant's last enumeration of error contends that the trial court improperly considered the in-court identification of the appellant. Appellant argues that the in-court identification was tainted as a result of the one-car and one-man show-up involving the co-defendant.

No objection was made during the course of the trial when the victims, Mr. and Mrs. Lott, positively identified the appellant as their assailant. Each testified that they got a good look at the perpetrator during the robbery, that the store was well lighted and that their in-court identification was based solely on their independent recollection of seeing appellant during the robbery. Thus, the in-court identification was not improperly considered. See *Code v. State,* 234 Ga. 90, 99 (214 SE2d 873) (1975); *Mathis v. State,* 231 Ga. 401 (6) (202 SE2d 73) (1973); *Aiken v. State,* 226 Ga. 840 (3) (178 SE2d 202) (1970); *McCoy v. State,* 161 Ga. App. 97 (5) (289 SE2d 301) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*C. Andrew Fuller,* for appellant.
*Bruce L. Udolf, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.