## 73780. DAVIDSON v. THE STATE.
(359 SE2d 372)

POPE, Judge.

Leland C. Davidson brings this appeal from his conviction and sentence of incest and child molestation. *Held*:

1. Defendant's first enumeration cites as error the trial court's "failing to instruct the jury" as to venue and also as to the four-year statute of limitation. However, the record discloses that defense counsel, upon inquiry by the trial court, neither objected to the charge as given nor reserved the right to later object. Accordingly, defendant has waived the right to enumerate the charge as error. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980); *Rann v. State*, 183 Ga. App. 234 (3) (358 SE2d 644) (1987).

2 (a). Defendant's second enumeration of error challenges the trial court's denial of his pretrial "Motion for Psychiatric Assistance." Defendant asserted that the purpose of this motion was to determine whether "he was able to form the intent necessary under the law to be responsible for the acts of which he is accused" and also "that this assistance will be necessary to show mitigating circumstances should he be convicted." The record shows, however, that the trial court had earlier granted defendant's motion for psychiatric examination at the county's expense. The psychiatrist diagnosed defendant as "a Major Depression, Recurrent" who in the past was impaired by suicidal ideation and had twice attempted suicide. Nevertheless, the psychiatrist's examination, conducted after the filing of the subject motion, concluded that defendant "is both legally competent to stand trial and criminally responsible for his behaviors. He is aware of the nature of the charges against him and, in the opinion of this examiner, perfectly capable of assisting his attorney in preparing his defense. In regard to criminal responsibility, it is the professional opinion of this examiner that he did and does know right from wrong and that there is no evidence, whatsoever, [of] a delusional compulsion." The record discloses no other evidence regarding defendant's mental condition, and the trial court subsequently denied defendant's motion.

Defendant bases this enumeration on the holding in *Ake v. Oklahoma*, 470 U. S. 68 (106 SC 1087, 84 LE2d 53) (1985), that

"when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one." Id. at 74. The Supreme Court noted additionally, however, that "[a] defendant's mental condition is not necessarily at issue in every criminal proceeding . . . and it is unlikely that psychiatric assistance of the kind we have described would be of probable value in cases where it is not. The risk of error from denial of such assistance, as well as its probable value, are most predictably at their height when the defendant's mental condition is seriously in question. . . . We therefore hold that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." Id. at 82, 83.

Our review of the record in this case discloses no evidence that defendant's sanity at the time of the offenses charged would be a significant factor at trial nor even that his mental condition was seriously in question. "Where a defendant offers 'little more than undeveloped assertions that the requested assistance would be beneficial, we find no deprivation of due process in the trial [court's] decision.' [Cit.]" *Bowden v. Kemp*, 767 F2d 761, 765 (11th Cir. 1985). In the absence of an appropriate showing by defendant, we find no abuse of discretion in the trial court's denial of the "Motion for Psychiatric Assistance." See *Jackson v. State*, 180 Ga. App. 774 (1) (350 SE2d 484) (1986); *Cartwright v. Maynard*, 802 F2d 1203 (I) (10th Cir. 1986); *Bowden v. Kemp*, supra; see generally *Cargill v. State*, 255 Ga. 616 (13) (340 SE2d 891) (1986); *House v. State*, 170 Ga. App. 53 (2) (316 SE2d 36) (1984).

(b). It follows from the foregoing discussion that defendant also suffered no deprivation of effective assistance of counsel resulting from the trial court's denial of his motion. See *Cartwright v. Maynard*, supra.

3. Defendant's third and fourth enumerations of error assert the proposition that the crime of child molestation cannot be proved absent evidence that the victim was in an unclothed state at the time of the crime. We find no statutory basis for this assertion, and we reject as specious defendant's contention that whether the victim was clothed or unclothed is one factor in determining whether an act is "immoral or indecent" so as to prove the crime of child molestation. See OCGA § 16-6-4; see generally *Winter v. State*, 171 Ga. App. 511 (320 SE2d 233) (1984).

4 (a). Defendant next assigns error to the trial court's failure to

direct the Department of Human Resources (which had obtained custody of the victim of the alleged molestation) to allow defense counsel to conduct a pretrial interview with the victim in private. However, the record discloses that the trial court did order that the victim be made available by the legal custodian to confer with defense counsel. The court also noted that the victim "is not required to talk to defense counsel but such prerogative to refuse shall be her own free will and not be influenced by the desires and instructions of the legal custodian." Under these circumstances, this enumeration provides no basis for reversal. See *Sears v. State*, 182 Ga. App. 480 (9) (356 SE2d 72) (1987); see generally *Ford v. State*, 256 Ga. 375 (2a) (349 SE2d 361) (1986).

(b). Defendant also assigns error to the trial court's failure to direct the Department of Human Resources to disclose any and all reports, etc., used by or prepared by it in investigating the allegation of child abuse. The record discloses that the basis of this enumeration is defendant's general request for discovery made pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963); see, e.g., *White v. State*, 230 Ga. 327 (6) (196 SE2d 849), cert. dismissed, 414 U. S. 886, reh. den., 414 U. S. 1086 (1973).

The records sought by defendant are confidential and access thereto is prohibited except as provided by statute. OCGA § 49-5-40 et seq. The proper procedure for obtaining access to such records in cases such as the one at bar is to petition the trial court to subpoena the records and conduct an in camera inspection as to whether the records are necessary for determination of an issue before the court and are otherwise admissible under the rules of evidence. OCGA § 49-5-41 (a) (2); see *Ray v. Dept. of Human Resources*, 155 Ga. App. 81 (1) (270 SE2d 303) (1980). This procedure comports with the requirements of due process. See *Pennsylvania v. Ritchie*, 480 U. S. ___ (108 SC ___, 94 LE2d 40) (1987). We find defendant's general *Brady* motion inadequate to have properly raised this issue in the court below, and thus find the assertion of error in this regard to be meritless.

In any event, defendant has failed to show that the information withheld so impaired his defense that he was denied a fair trial within the meaning of the *Brady* rule; i.e., he has failed to show that the information withheld was both material and exculpatory. See *Wallin v. State*, 248 Ga. 29 (6) (279 SE2d 687) (1981); *Simmons v. State*, 174 Ga. App. 171 (4) (329 SE2d 312) (1985); *Barnes v. State*, 157 Ga. App. 582 (2) (277 SE2d 916) (1981). This enumeration of error provides no basis for a new trial.

5. Defendant's sixth enumeration asserts error in two parts concerning the introduction into evidence of his confession of incest. However, we find no objections in the court below raising these issues and thus will not consider them for the first time on appeal. *Cherry v.*

*State*, 178 Ga. App. 483 (3) (343 SE2d 510) (1986).

6. Defendant's seventh enumeration of error is controlled adversely to him by *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982).

7. In his eighth enumeration defendant suggests that the State wrongfully placed his character in issue by resorting "to a line of cross-examination which was designed to suggest to the jury that if there was any discrepancy in the different stories told by the various witnesses, then the only logical conclusion was that the defendant had to be lying." This is clearly one of the purposes of cross-examination and, therefore, we find no error. See generally Daniel, Ga. Crim. Trial Prac. (1986 ed.), § 20-22.

8. Lastly, we find no basis upon which to grant defendant's pro se "Motion for Hearing Transcript" filed with this court.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 18, 1987 —
REHEARING DENIED JULY 7, 1987 — 

*Virgil L. Brown, Michael P. Katz*, for appellant.
*Arthur E. Mallory III, District Attorney, Randall K. Coggin, William G. Hamrick, Jr., Assistant District Attorneys*, for appellee.