## 45896. TERRELL v. THE STATE.
## 45963. HILL v. THE STATE.
### (373 SE2d 751)

HUNT, Justice.

Willie Terrell and Anthony Demetrius Hill were found guilty of the felony murder, aggravated assault with intent to rob, and armed robbery of Charles Boyd. Each received consecutive life terms.[1] Both

---

[1] The crimes were committed on October 10, 1985. Defendant Terrell was indicted on

defendants appeal, asserting as error the trial court's charge on flight and the general grounds. Defendant Terrell complains additionally about the trial court's charge on circumstantial evidence.

The victim was sitting in the driver's seat of his car when a man reached inside the driver's window and stabbed him with a butcher knife while another man stood at the passenger's front door, attempting to keep the victim from escaping. The victim was able to get out of the passenger side of the car, then ran up to a witness sitting in a car parked nearby and called for help, stating he was being robbed. The victim, who had blood on his shirt, continued to run down the street as two men chased him saying, "He got the keys. Get the keys." Meanwhile, a third man searched through the victim's car and wallet. One of the men chasing the victim finally caught up with the victim and stabbed him several times with a knife. The victim was taken to Grady Hospital and, before he died as a result of a stab wound to his chest, gave police officers the names "Tony" and "Adrian" as his attackers. Shortly after the stabbing, defendant Terrell stopped an acquaintance near the scene of the crimes, stated he had just stabbed someone, and asked for a ride home. The acquaintance, who noticed what appeared to be blood on the appellant's clothing, refused. Later, defendant Terrell got a ride away from the vicinity of the crime scene and the driver overheard him say "Damn Tony." Early the next morning, defendant Terrell, talking to two women outside their apartment complex about the stabbing, stated that the victim should have died and that "the bastard was broke anyway." A Federal Bureau of Investigation fingerprint expert identified four sets of prints on the victim's car as those of defendant Hill.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found both defendants guilty of the crimes for which they were convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendants contend the trial court's charge on flight was unconstitutionally burden-shifting. The jury was charged that it might:

> . . . consider flight by a defendant from the scene of an occurrence if any such has been proved. And from the facts if

---

January 28, 1986 and defendant Hill was indicted on January 13, 1987. They were convicted on February 20, 1987. The transcript was certified on January 24, 1988. Defendant Terrell's motion for new trial, filed on March 16, 1987, and defendant Hill's motion for new trial, filed on March 26, 1987, were denied on February 26, 1988. Both defendants filed their notices of appeal on March 28, 1988. Defendant Terrell's appeal was docketed here on June 21, 1988 and submitted for decision without argument on August 5, 1988. Defendant Hill's appeal was docketed here on July 1, 1988 and submitted for decision on August 12, 1988.

proved an inference of guilt may arise. But flight is subject to explanation. And the weight to be given to it or whether or not the jury will draw from it a consciousness of guilt is for the jury to determine.

We find that this charge is not, as defendants contend, unconstitutionally burden-shifting, see *Noggle v. State*, 256 Ga. 383, 385 (3) (349 SE2d 175) (1986), and that the charge on flight was not error under the facts of this case. But see *Cameron v. State*, 256 Ga. 225, 227 (345 SE2d 575) (1986).

3. Defendant Terrell contends the trial court erred by failing to charge OCGA § 24-4-6 which states:

To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

Where, as here, there is some direct evidence against the defendant, it is not error to fail to charge on circumstantial evidence. *Whittington v. State*, 252 Ga. 168, 176 (7) (313 SE2d 73) (1984). Nevertheless, despite the fact that defendant Terrell made no request for a charge on circumstantial evidence, the trial court did charge the jury on that point and his charge, read in light of the charge as a whole, was sufficient.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1988.

*G. Scott Sampson, Jonathan J. Wade,* for appellants.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S.*

---

[2] The charge given by the trial court, found in *Suggested Pattern Jury Instructions*, Vol. 2, p. 14, is as follows:
Evidence may also be used to prove a fact by inference. And this is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may infer other related or connected facts which are reasonable and justified in the light of your experience.
The language of OCGA § 24-4-6 is also set out in the pattern charge book with the instructions, "Give the following only if one or more essential elements of the State's case is based on circumstantial evidence."
The better practice, if the principle of circumstantial evidence is to be charged at all, is to charge both the pattern charge book's definition of circumstantial evidence as well as the cautionary language of OCGA § 24-4-6. See *Patterson v. State*, 258 Ga. 592, (____ SE2d ____) (1988). Henceforce, where requested, both should be given. Whether the failure to so charge requires reversal will depend on the facts of each case.