A89A0569. WILLIAMSON v. THE STATE.
(381 SE2d 766)

POPE, Judge.

The appellant, Billie Williamson, was convicted of the offense of theft of services. On appeal she challenges the sufficiency of the evidence, arguing that the State failed to show the intent necessary to warrant the conviction. We agree and reverse.

The evidence adduced at trial showed the following: The appellant and Ms. Lisa Reaves agreed that Reaves would keep the appellant's child for approximately two weeks while appellant and her husband traveled to Atlanta to work for a Mr. News selling onions. Reaves testified that appellant agreed to pay her $150 for her services. It is undisputed that appellant failed to pay Reaves when appellant and her husband returned from Atlanta and picked up the child. Appellant testified that she intended to pay Reaves but was unable to pay her because they were not paid for the work they did for News. Appellant further testified that Reaves knew that they intended to pay her from the funds they earned working in Atlanta. Reaves testified she did not know until "later" that she would not be paid until appellant was paid for the work she did in Atlanta. Reaves also testified, however, that appellant and her husband told her the money to pay her would come from the money they received for working in Atlanta.

OCGA § 16-8-5 provides: "A person commits the offense of theft of services when *by deception and with the intent* to avoid payment he knowingly obtains services, . . . which [are] available only for compensation." " 'The essential ingredient of the offense is the intention to avoid payment.' *Roberson v. State*, 145 Ga. App. 687, 688 (1) (244 SE2d 629) (1978)." *Johnson v. State*, 159 Ga. App. 497, 498 (283 SE2d 711) (1981).

As is usual in cases of this type, there is no direct evidence that appellant obtained services by deception and with the intention of avoiding payment. The question then becomes whether the circumstantial evidence warranted the conviction. "To sustain a conviction on circumstantial evidence only, the State must prove facts that are not only consistent with the hypothesis of the guilt of the accused, but the facts proved must exclude every other reasonable hypothesis. . . . Circumstantial evidence is worth nothing in a criminal case, if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt." (Citations and punctuation omitted.) *Johnson v. State* at 499.

In the case at bar, we have appellant's unimpeached testimony that she intended to pay Reaves for keeping her child and that the only reason she did not pay her upon her return from Atlanta was because she and her husband did not receive the anticipated payment for the work they performed. "[T]he intent to defraud . . . must be proved to be co-existent with the contract." (Citation and punctuation omitted.) *Roberson v. State*, supra at 689. Under the facts of the present case "we are not convinced that the evidence was sufficient to establish the requisite intent on the part of the appellant. However, even assuming that the evidence adduced by the [S]tate was sufficient to support the hypothesis of appellant's guilt, it failed to exclude

every other reasonable hypothesis. The evidence [that appellant did not pay for the services rendered] is equally consistent with the theory that [she] merely breached a civil contract. [When] the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence . . . the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. One of the fundamental principles of law in Georgia is that we do not imprison people for debt.

"As the [S]tate failed to carry the burden of proof, the judgment of conviction must be reversed." (Citations and punctuation omitted.) *Johnson v. State* at 500.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 21, 1989.

*Alan P. Layne, D. Duston Tapley, Jr.,* for appellant.
*David B. Pittman, Solicitor,* for appellee.

