### A90A0534. MARTIN v. THE STATE.
(395 SE2d 391)

COOPER, Judge.

Appellant was indicted on four counts of child molestation and one count of cruelty to children. Following his conviction by a jury on all counts of the indictment, appellant brings this appeal.

The victim, appellant's fifteen-year-old daughter, testified that when she was approximately nine or ten years old appellant got in the bed with her and fondled her vagina. The victim further testified that on another occasion she awoke to find appellant lying next to her with his penis between her legs; that on a third occasion while she and her father were playing he straddled her and began playing with her breasts; that on another occasion appellant pulled her pants and underpants down and began playing with her vaginal area; and that on another occasion appellant offered her money if she would let him play with her breasts. Count I of the indictment alleged an act of child molestation between September 1, 1982, and May 31, 1984; Count II alleged an act of child molestation between September 1, 1985, and December 25, 1985; Count III alleged an act of child molestation between February 1987 and April 1987; Count IV alleged an act of child molestation between September 1986 and April 1987; and Count V alleged an act of cruelty to children, between September 1987 and November 1987, by offering the victim money to fondle her breasts.

1. Appellant contends that the trial court erred in denying his motion for directed verdict of acquittal on Counts I, III, and V of the indictment. With respect to Count I appellant argues that the alleged offense was outside the four-year statute of limitation imposed by OCGA § 17-3-1. Prior to 1987, the statute of limitation for prosecuting felonies other than those specified in subsections (a) and (b) was four years. In 1987, OCGA § 17-3-1 was amended to provide that prosecution for felonies committed against victims who are at the time of the commission of the offense under the age of 14 years must

be commenced within seven years after the commission of the crime; however, the amendment only applies to offenses committed after July 1, 1987. The victim was uncertain about the exact date on which the first act of molestation occurred, but testified on cross-examination that it might have been between September 1, 1982, and May 31, 1984. Since appellant was indicted on October 4, 1988, Count I of the indictment does not allege an offense within the statute of limitation; nor did the State put forth any evidence that the act alleged in Count I occurred within the statute of limitation. Therefore, it was error to deny appellant's motion for a directed verdict of acquittal as to Count I of the indictment.

The victim also testified on cross-examination, that no act of child molestation occurred after 1986. However, there was testimony from a friend of the victim who witnessed an act of molestation and a social worker who interviewed the victim, that at least one of the acts of molestation occurred in the spring of 1987. Appellant contends that the State failed to prove that any act of child molestation occurred after 1986, therefore, the court erred in denying his directed verdict for acquittal on Counts III and V of the indictment. " '(T)he general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations.' [Cit.]" *Eberhardt v. State*, 257 Ga. 420 (2) (359 SE2d 908) (1987). Appellant argues that because the indictment was specific as to dates, the time periods were material to his alibi defense, and a fatal variance was created when the proof offered at trial as to time periods was different than alleged in the indictment. "[E]vidence of guilt of an accused is not restricted to the day mentioned in the indictment, but may extend to any appropriate date previous to the finding in the indictment, and within the statute of limitation for the prosecution of the offense charged." *Keri v. State*, 179 Ga. App. 664 (4) (347 SE2d 236) (1986). Furthermore, " '(a)ssuming . . . that there was a variance between the allegata and the probata in regard to the time of the commission of the crime, a motion for directed verdict was not the proper vehicle for obtaining relief. The (appellant) should have made a motion for continuance, postponement or recess if surprised by a time variance.' [Cit.]" *Mann v. State*, 167 Ga. App. 829 (1) (308 SE2d 12) (1983). See also *Whittington v. State*, 184 Ga. App. 282 (4) (361 SE2d 211) (1987). Accordingly, we find no error with the trial court's denial of appellant's motion for directed verdict of acquittal on Counts III and V of the indictment.

2. Appellant alleges that the trial court erred in failing to grant his motion for mistrial or in failing to rebuke the prosecutor as required by OCGA § 17-8-75. During the State's cross-examination of

appellant, the prosecutor asked the following question: "Is that correct? February 18, 1988, was also the day your wife was interviewed and told the DFCS workers that you had admitted you had been fondling your daughter." Appellant's counsel objected to the question and outside the presence of the jury moved for a mistrial. The trial court denied the motion, finding that the question was not of such a crucial nature that the jury could not disregard it. The court then instructed the jury to disregard the question and polled the jury to determine if there were any persons who could not disregard it. We find no error in either the trial court's denial of appellant's motion for a mistrial or in not rebuking the prosecutor for asking an allegedly improper question, particularly when the trial judge found that the question was not of a crucial nature. See *Chancellor v. State*, 165 Ga. App. 365 (24) (301 SE2d 294) (1983). Furthermore, an instruction to the jury to disregard improper remarks amounts to a rebuke of counsel. *Ward v. State*, 252 Ga. 85 (2) (311 SE2d 449) (1984).

3. Appellant enumerates as error the trial court's refusal to admit into evidence a letter from a boy to the victim and a list of "goals set to accomplish" written by the victim. The trial court ruled that these documents were inadmissible under *Vargas v. State*, 184 Ga. App. 650 (1) (362 SE2d 461) (1987), which held that in child molestation cases, evidence as to the victim's reputation for nonchastity or evidence to discredit the victim by showing her preoccupation with sex is inadmissible. The victim testified that around the time she reported the molestation, appellant made some of her friends go home and as a result she was mad and embarrassed. The victim further testified that appellant's sending her friends home had nothing to do with her reporting the molestation to her teacher. Appellant argues, citing *Villafranco v. State*, 252 Ga. 188 (2) (313 SE2d 469) (1984), that because the letter contained the following sentence: "By the way how come that son of a bitch run me off last night," and because the first item on the list of nine goals was "revenge," the documents were admissible in part to show the victim's state of mind and possible motive for reporting the molestation to her teacher. We disagree. The exclusion of the documents in no way impeded appellant's right to a thorough and sifting cross-examination or his opportunity to impeach the victim. Appellant's counsel pursued the issue of motive when he asked the victim on cross-examination whether appellant's asking her friends to leave had anything to do with her report of molestation to her teacher. The documents appellant attempted to introduce would not have impeached the victim's testimony or aided in the truth-seeking process. OCGA § 24-2-3 is a legislative attempt to exclude evidence which "might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused." *Jones v. State*, 190 Ga. App. 416 (1) (379 SE2d 189) (1989).

Therefore, we find no error with the trial court's exclusion of the documents.

4. Appellant contends that the trial court erred in denying his motion for new trial on the ground of newly discovered evidence. Appellant amended his original motion for new trial to add the ground of newly discovered evidence, but subsequently amended the amendment to delete that ground. At the hearing on the motion for new trial, appellant's counsel stated that because the victim had "recanted her recantation of her testimony" he would not argue the new evidence grounds. " ' "Enumerations of error which raise questions for the first time on appeal present nothing for decision." ' [Cit.]" *Cooper v. State*, 188 Ga. App. 297 (3) (372 SE2d 679) (1988).

5. Appellant also enumerates the general grounds. After a careful review of the evidence produced at trial, we find that a rational trier of fact could reasonably have found appellant to be guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed in part; reversed in part. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990.

*Robert F. Oliver*, for appellant.
*Timothy G. Madison, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.