A90A2020. STEWART v. THE STATE.
A90A2021. LOGAN v. THE STATE.
(404 SE2d 461)

POPE, Judge.

Appellant Richard Stewart and appellant Otis Logan were tried together for the offense of possession of cocaine with intent to distribute along with a third man, Ricky Bernard Harper, whose appeal is not before us. Each was convicted. Because Stewart and Logan have raised the same enumerations of error, we combine their appeals for consideration in this opinion.

1. Stewart and Logan each argue the general grounds. On the evening of February 23, 1990, officers of the Moultrie/Colquitt County Drug Squad set up surveillance across the street from the Chickasaw 2 nightclub. The officers watched the scene from inside a van parked in a lot across the street from the club. An undercover officer from another jurisdiction drove the van to the lot, parked it and went into the club. This was done to maintain the cover of the van. During the approximately two-hour period of the surveillance, the two officers inside the van observed three men conducting what appeared to be drug sales just outside the club. Each officer positively identified Stewart and Logan as participants. The distance from the van to the point officers observed Stewart and Logan was estimated variously from 30 feet up to 125 feet. People would approach one of the men and something was exchanged. From time to time, each of the three men under surveillance, including Stewart and Logan, would walk around the side of the club to a car parked there. They would go be-

hind the car, squat down, appear to take something out and then return to the front of the club. The officers observed 25 to 30 exchanges. No one other than the three suspects ever went to the back of the parked car. Although it was dark, the officers testified that the scene was lighted sufficiently from the lights of the club and from street lights to enable them to positively identify Logan and Stewart (as well as Harper) as the men involved in the activity. After Stewart left the scene, the officers in the van called other officers to the club to investigate. The officers found in excess of $1,000 in fives, tens and twenties on Harper, but found no drugs on either Harper or Logan and found no cash on Logan. However, a search revealed 11.8 grams of crack cocaine in a plastic bag lying on top of the left rear tire of the parked car that officers had seen all three men go behind, squat down and take something away from time to time during the surveillance.

The evidence adduced was sufficient to show that Logan and Stewart had joint constructive possession of the cocaine found on top of the tire. See *McLeod v. State*, 170 Ga. App. 415 (3) (317 SE2d 253) (1984). The quantity of the cocaine possessed and the activity in which officers observed Logan and Stewart engage were sufficient to show intent to distribute. See *Holbrook v. State*, 177 Ga. App. 318, 321 (2) (339 SE2d 346) (1985). Although there was conflict in the evidence regarding the adequacy of light to enable the officers to make positive identifications, nonetheless the officers did positively identify Stewart and Logan. This court does not weigh the evidence. Questions of the weight to be given evidence and to the credibility of witnesses are solely for the jury. *Williams v. State*, 197 Ga. App. 368 (398 SE2d 427) (1990). The evidence was sufficient to enable a rational trier of fact to find Stewart and Logan guilty beyond a reasonable doubt of the offense of possession of cocaine with intent to distribute.

2. Stewart and Logan argue that the trial court erred in denying their motion for mistrial for failure of the State to provide them exculpatory evidence. The evidence at issue was the fact that an undercover officer from another jurisdiction drove the van from which the other officers conducted the surveillance. Stewart and Logan argue he was an eyewitness and his identity should have been revealed to them. Lt. Morris, one of the surveillance officers, testified that the out-of-town undercover officer was used only to drive them to the location and to park the van to protect the cover of the surveillance and to go inside the club to determine if "strip" shows were being held. He did not participate in the subsequent drug surveillance or investigation. Lt. Morris never mentioned the presence of this officer in any of his written reports. We find no error. In complying with a discovery request pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 1 LE2d 215) (1963), "counsel for the State can make available onl

such evidence as it has in its file, or of which it has knowledge, and is under no requirement to conduct an investigation on behalf of a defendant. Nor is an accused, as a matter of right, entitled to receive copies of police reports and investigations made in the course of preparation of a case against a suspect. Further, there is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." (Citations and punctuation omitted.) *Massengale v. State*, 189 Ga. App. 877, 881 (377 SE2d 882) (1989).

*Judgments affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 13, 1991.

*John G. Runyan*, for appellant (case no. A90A2020).

*Short & Fowler, James M. Bivins*, for appellant (case no. A90A2021).

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.