A92A0774. RUSS v. THE STATE.
(420 SE2d 373)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of violating Georgia's Controlled Substances Act, i.e., possession of a controlled substance ("cocaine") with intent to distribute. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his requests to charge on the law of circumstantial evidence.

In *Robinson v. State*, 261 Ga. 698 (410 SE2d 116), the Supreme Court of Georgia reversed that defendant's convictions on two counts of armed robbery because the trial court failed to charge the law of circumstantial evidence, holding that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." Id. at 699. In the case sub judice, the State presented circumstantial evidence showing that defendant Russ committed the crime charged in the indictment. Consequently, the trial court erred in failing to charge on the law of circumstantial evidence and defendant's conviction must be reversed. *Robinson v. State*, 261 Ga. 698, 700, supra.

2. In his remaining two enumerations, defendant contends the trial court inappropriately commented upon the evidence during the jury charge and the trial court erred in denying his challenge to the array. Any such error is unlikely to occur upon retrial. Consequently, it is unnecessary to address these enumerations.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

· DECIDED JUNE 26, 1992.

*Steven W. Reighard*, for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney*, for appellee.