A93A0256. McGUIRE v. THE STATE.
(434 SE2d 802)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of statutory rape (Count 1), incest (Count 2), two counts of child molestation (Counts 3 and 4), and aggravated child molestation (Count 5). The

charges of Counts 1 and 2 of the indictment merged for purposes of sentencing. This appeal followed denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion for directed verdict of acquittal with regard to Count 5, arguing that fatal variances exist between the allegata and probata.

(a) Defendant first contends the State failed to prove that he committed aggravated child molestation by "placing his sex organ on and against the anus of [the victim]." Defendant argues that the offense could not have occurred as alleged because the victim testified that the criminal act occurred while the victim was wearing "jeans."

At trial, the five-year-old victim testified that defendant used his hands to touch the victim's penis, anus and chest. On cross-examination, the victim explained as follows: "[DEFENSE COUNSEL:] What did [defendant] do to you? A. He stick [sic] his private parts in my private parts. Q. He stuck his private part to your private part? . . . Q. So what did you have on when [defendant] touched you — touched you with his private parts? A. My jeans. Q. You had on your jeans." This evidence and testimony from several adults that the victim reported defendant's sexual assault in the manner charged in Count 5 of the indictment is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of committing aggravated child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Richardson v. State*, 194 Ga. App. 358, 359 (1a) (390 SE2d 442); OCGA § 24-3-16.

(b) Next, defendant contends the State failed to prove that the alleged incident of aggravated child molestation occurred on the date alleged. " ' "[A]ssuming . . . that there was a variance between the allegata and the probata in regard to the time of the commission of the crime, a motion for directed verdict was not the proper vehicle for obtaining relief. The [defendant] should have made a motion for continuance, postponement or recess if surprised by a time variance." (Cit.)' *Mann v. State*, 167 Ga. App. 829 (1) (308 SE2d 12) (1983). See also *Whittington v. State*, 184 Ga. App. 282 (4) (361 SE2d 211) (1987). Accordingly, we find no error with the trial court's denial of [defendant's] motion for directed verdict of acquittal on [Count 5] of the indictment." *Martin v. State*, 196 Ga. App. 145 (1), 146 (395 SE2d 391).

2. In his fourth enumeration, defendant contends the trial court erred in failing to give him access to exculpatory or impeaching material in the State's file and the investigation records of the City of Roswell Police Department and Department of Family & Children Services.

The record reveals that the State provided defendant all material required pursuant to defendant's pre-trial discovery motions. See

*Stewart v. State*, 199 Ga. App. 157, 158 (2) (404 SE2d 461). The record also reveals that the trial court found no impeaching or exculpatory material after an in-camera examination of records from the City of Roswell Police Department and the Department of Family & Children Services. We have examined these sealed records and find no such exculpatory or impeaching information. Consequently, this enumeration is without merit. See *Davidson v. State*, 183 Ga. App. 557, 559 (4b) (359 SE2d 372).

3. Defendant contends in his sixth enumeration that the trial court erred in denying his request to charge on the law of circumstantial evidence.

In *Whittington v. State*, 252 Ga. 168 (313 SE2d 73), the Supreme Court held that "it is not error to fail to charge on circumstantial evidence where there is some direct evidence[,] *Johnson v. State*, 235 Ga. 486, 491-92 (220 SE2d 448) (1975)[, b]ut if the only direct evidence comes from a witness who has been impeached, it is reversible error to fail to charge on circumstantial evidence *upon request. Stanley v. State*, 239 Ga. 260, 261 (236 SE2d 611) (1977)." Id. at 176 (7). However, the Supreme Court changed this rule in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116), recognizing that it is impossible to determine whether the jury did or did not believe a State's witness (i.e., determine whether the witness was or was not impeached) and enunciating that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. [The Supreme Court then emphasized that t]his rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." Id. at 699.

In the case sub judice, there was circumstantial evidence pointing to the conclusion that defendant committed at least one of the crimes charged. Since it is impossible to determine whether the jury rejected the direct evidence, *Robinson* requires reversal of defendant's conviction based on the trial court's failure to give defendant's requested charge on circumstantial evidence. *Russ v. State*, 204 Ga. App. 689 (1) (420 SE2d 373).

4. The errors alleged in defendant's remaining three enumerations are unlikely to occur upon retrial.

*Judgment reversed. Birdsong, P. J., Cooper, Andrews and Smith, JJ., concur. Pope, C. J., Beasley, P. J., and Blackburn, J., concur in part and dissent in part. Johnson, J., not participating.*

BEASLEY, Presiding Judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 2 but I respectfully dissent with respect to Division 3, which involves the rejection of two requested

charges. As to Division 4, I cannot concur because a new trial is not required and thus the three remaining enumerations must be addressed.

1. Request No. 14 is a nearly verbatim recitation of the charge endorsed in *Davis v. State*, 74 Ga. 869, 880 (1885).[1] It is premised on the given fact that *all* of the evidence linking defendant with the crime is circumstantial. It starts out, "[w]here the guilt of the defendant depends upon circumstantial evidence alone . . ." and the rest follows, focusing only on the scenario of a "chain of circumstances." *Davis* was such a case. There was no direct evidence whatsoever that Davis had committed the homicide or that it was in fact murder. The court posed "[t]he great question" thusly: do the links in this chain of circumstances so twine around and bind the accused as to make the knot, tied by all combined, hold him as it can hold no other person . . . ?" Id. at 877. It answered as follows: "If, then, suicide and accident can, neither of them, consist with these circumstances, and some one is a murderer, . . . , the same circumstances can consist with no other, as that murderer, than this unhappy [defendant]." Id. at 879.

The instant conviction did not depend on circumstantial evidence *alone*. Both victims testified that defendant performed the indicted acts on them. The charge was not adjusted to the evidence. It would have been wrong to imply to the jury that all of the evidence in this case was *only* circumstantial and thereby to relegate the direct evidence to the lower status accorded to circumstantial evidence, which requires a higher quantum and quality to support a conviction. See *Davis*, supra at 880.

*Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), involved both direct and circumstantial evidence. The Court held that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." The Court did not rule that the request made by defendant in this case was required. Nor is the particular charge requested by Robinson set out in the opinion. *Robinson* does not mandate the charge requested by McGuire; it mandates "a" charge, and it obviously means a proper charge, given the body of evidence in the case.

Here the court did instruct the jury on the definitions of, and the difference between, direct and circumstantial evidence, and on the two theories principle.

The opinion in *Russ v. State*, 204 Ga. App. 689 (1) (420 SE2d 373) (1992), relied upon by appellant, does not contain the charge requested and indicates that the court gave no charge whatsoever on

---

[1] It is not, as such, in the Suggested Pattern Jury Instructions, Vol. II, Criminal, 2d ed. See pp. 11-12.

the law of circumstantial evidence. It is not authority for the contention that the charge requested by McGuire was demanded.

2. Defendant's authority for Request No. 15 is *Riley v. State*, 1 Ga. App. 651, 655 (1) (57 SE 1031) (1907), but the requested charge constitutes merely that court's judicial opinion upon the worth of circumstantial evidence; it does not constitute the instruction which that court held must be given in "wholly" circumstantial cases. That case, unlike this one, depended "entirely" on circumstantial evidence.

Defendant's reference below to *O'Quinn v. State*, 153 Ga. App. 467, 471 (265 SE2d 824) (1980), is of no aid to him because it did not involve a jury charge. Defendant's final authority, *Williamson v. State*, 191 Ga. App. 388 (381 SE2d 766) (1989), which like *O'Quinn* concerned a conviction based exclusively on circumstantial evidence, also did not involve a jury charge. Rather, the issue was whether the evidence was sufficient to support the verdict.

The refusal of the trial court to instruct the jury as defendant requested did not deprive him of a fair trial.

BLACKBURN, Judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 2 of the majority opinion. However, I believe that in Division 3 the majority opinion misapplies the rule set forth in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), regarding a proper jury charge on circumstantial evidence and when it must be given, and in holding that the trial court erred in failing to give the jury charge requested by the defendant. Accordingly, for the following reasons, I must respectfully dissent as to Division 3 of the majority opinion.

The defendant, Michael McGuire, was charged with incest, statutory rape, and two counts of child molestation with regard to his thirteen-year-old stepdaughter. An additional charge of aggravated child molestation pertained to his five-year-old stepson.

At trial, the victimized stepdaughter testified in detail about an incident in early 1991 when McGuire approached her after school one day while her mother was still at work. He sat down on the victim's bed, touched her chest, and tried to pull down her shorts. When the victim pulled her shorts back up, McGuire pulled them down again. The victim hit McGuire, who raised his hand as if to strike her and told her to shut up. McGuire then laid on top of the child and had sexual intercourse with her. Afterwards, he threatened to kill her and hurt her brother and mother if she told anyone about what happened. Following this initial incident, McGuire continued to have sexual intercourse with the girl about twice per week, always while the mother was at work. Occasionally, her little brother was at home when it happened. The stepdaughter did not report the above until her little brother told their mother what McGuire had done to him.

The five-year-old stepson testified that once he saw McGuire and his sister on the floor with McGuire's shoulder going up and down. The stepson also testified that on two occasions, McGuire touched the child's penis, anus, and chest, and threatened to whip him. On cross-examination, he stated that McGuire had stuck "his private parts in my private parts." Both children recounted these experiences with the defendant to caseworkers with the Department of Family & Children Services, who also testified at the trial.

A physician examined both children, and discovered a small laceration in the stepdaughter's vagina, as well as the fact that her vaginal opening was large. He also pointed out that internal lacerations could be present for several months. The child also had a sexually transmitted disease. The physician found no physical signs of abuse during his examination of the five-year-old stepson.

Based upon the above evidence, McGuire requested a jury charge on the law of circumstantial evidence. The general law regarding circumstantial evidence is codified at OCGA § 24-4-6, which provides that *"[t]o warrant a conviction on circumstantial evidence*, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Emphasis supplied.) This statute represents a codification of the rule requiring a charge on circumstantial evidence where the State's case depends *entirely* upon circumstantial evidence, derived from *Martin v. State of Ga.*, 38 Ga. 293 (1868); *Carter v. State*, 46 Ga. 637 (1872); and *Simmons v. State*, 85 Ga. 224 (11 SE 555) (1890), which were such cases.

Based upon the three cases from which OCGA § 24-4-6 and its predecessor statutes were derived, it was originally intended to apply only to those cases that were based *entirely upon circumstantial evidence*. Subject to certain exceptions, subsequent cases held that the general rule is that unless the evidence relied upon for the conviction is entirely circumstantial, a jury charge under OCGA § 24-4-6 is not required. "Where, as here, there is some direct evidence against the defendant, it is not error to fail to charge on circumstantial evidence." *Terrell v. State*, 258 Ga. 722 (373 SE2d 751 (1988).

However, this court has held that "if the only direct evidence comes from a witness who has been impeached, it is reversible error to fail to charge on circumstantial evidence *upon request*." (Emphasis in original.) *Whittington v. State*, 252 Ga. 168, 176 (313 SE2d 73) (1984); *Horne v. State*, 93 Ga. App. 345 (4) (91 SE2d 824) (1956). The theory underlying this rule was that where both direct and circumstantial evidence of the defendant's guilt is admitted, and the jury is authorized to find that all the direct evidence in the form of witness testimony, has been impeached, the jury is left to determine the guilt or innocence of the defendant based solely on the circumstantial evi-

dence, and therefore must have some guidance on the quantum of circumstantial evidence which will authorize a conviction. See *Green v. State*, 167 Ga. App. 548 (306 SE2d 354) (1983).

The Supreme Court noted in *Robinson v. State*, supra, that it was impossible to determine whether the jury found the State's witnesses had not been impeached and thus based its verdict on the direct evidence, or whether the jury found that the state's witnesses *had* been impeached and thus based its verdict on circumstantial evidence (giving rise to a need for a jury charge on circumstantial evidence). To avoid such problems in the future, the Supreme Court devised the following rule: "[W]here the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given *on request.* This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." (Emphasis supplied.) Id. at 699-700.

The questions which must be answered in applying *Robinson*, are: *what* is the meaning of the word "depends" as used therein, and what charge on circumstantial evidence must be given, where a charge is required? It is only where the State's case "depends" upon circumstantial evidence that such a jury charge becomes necessary. The State's case "depends" upon circumstantial evidence *only where such evidence is necessary to prove one of the essential elements of the offense* for which the defendant is on trial. See *Rash v. State*, 207 Ga. App. 585 (5) (428 SE2d 799) (1993).

*Robinson* by no means requires a jury charge on the law of circumstantial evidence in every case in which some circumstantial evidence is adduced. See, e.g., *Berry v. State*, 262 Ga. 614 (422 SE2d 861) (1992), wherein the Supreme Court, citing *Robinson*, found no error in the trial court's refusal to give a requested jury charge on circumstantial evidence that was not properly adjusted to the evidence in the case.

If the State had depended on a mixture of direct and circumstantial evidence to prove essential elements of the offense, no charge on circumstantial evidence would have been required absent *a proper request to charge the law on circumstantial evidence adjusted to the facts of the case.* There was no independent duty on the court to create and give a proper charge on circumstantial evidence, adjusted to the evidence of the case. It is only where the State relies wholly on circumstantial evidence that a charge on circumstantial evidence must be given *without request. Gentry v. State*, 208 Ga. 370 (66 SE2d 913) (1951); *Campbell v. State*, 202 Ga. 705 (44 SE2d 903) (1947). This rule has not been changed by *Robinson*.

McGuire's requested charge on circumstantial evidence is taken from *Davis v. State of Ga.*, 74 Ga. 869, 880 (1885). In *Davis*, there was

no direct evidence of the defendant's guilt, and the jury charge prescribed in that case was designed for cases in which *all* of the evidence proving the defendant's guilt is circumstantial in nature. The applicability of that jury charge derived from *Davis* thus is on the same footing with the general codification of the law on circumstantial evidence in OCGA § 24-4-6.

Inasmuch as the jury charge derived from *Davis* which was requested by McGuire, as well as the general codification of the law on circumstantial evidence found in OCGA § 24-4-6, applies only to cases in which the State depends entirely upon circumstantial evidence, and the subject case involves a mixture of direct and circumstantial evidence, it was not error for the court to refuse to give the requested charge. Indeed, to have done so, would have misled the jury as OCGA § 24-4-6 provides, in part, "[t]o warrant *a conviction on circumstantial evidence,* . . ." (emphasis supplied) while the *direct evidence* in the instant case was *sufficient to convict* McGuire. Thus, the charge requested by McGuire was not adjusted to the evidence of this case (a mixture of direct and circumstantial evidence) and the court properly refused to give it. "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris v. State*, 202 Ga. App. 618 (414 SE2d 919) (1992); *Hill v. State*, 259 Ga. 557 (3b) (385 SE2d 404) (1989).

In the instant case, the testimony of the two victims constituted direct evidence which, standing alone, was sufficient to establish McGuire's commission of incest, statutory rape, child molestation, and aggravated child molestation as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence characterized by the majority opinion as circumstantial evidence corroborated that direct evidence, but the State did not depend thereon to prove any of the essential elements of the offenses with which McGuire was charged. Where the direct evidence alone suffices to establish the charged offense, and any circumstantial evidence is merely cumulative, no jury charge on circumstantial evidence is required even under *Robinson. Rash v. State*, supra.

In summary, the rule regarding a jury charge on circumstantial evidence set forth in *Robinson v. State*, supra, applies only where the State relies upon such evidence to prove one of the essential elements of the offense for which the defendant is on trial. The limited quantity of circumstantial evidence adduced in the instant case was not used or needed for that purpose, and the majority opinion errs in reversing the defendant's conviction on the basis that a jury charge on circumstantial evidence was required under *Robinson v. State*, supra.

The current status of the law concerning charging the jury on

circumstantial evidence can be stated as follows:

1. Where the State *relies wholly* on circumstantial evidence to prove its case, a charge on circumstantial evidence as provided by OCGA § 24-4-6 is required, *without request* from the defendant.

2. Where the State *relies on* a mixture of *direct and circumstantial evidence* to prove essential elements of the charged offense, a proper charge on circumstantial evidence adjusted to the fact of there being mixed direct and circumstantial evidence is required, *upon proper request*, without regard to whether or not the State's witnesses may have been impeached.

Moreover, as this court noted in *Rash v. State*, supra at 587, "there is yet another reason for not reversing this case for failure to charge the law of circumstantial evidence. That is, no other reasonable hypothesis save that of the guilt of the accused has been suggested. Should the case be retried so a jury can hear those words when no other reasonable hypothesis has been offered? Our answer is in the negative." (Citations and punctuation omitted.)

Reversal of this case is neither required nor authorized under a proper application of *Robinson*, and I must respectfully dissent to Division 3 of the majority opinion.

I am authorized to state that Chief Judge Pope joins in this dissent.

DECIDED JULY 16, 1993 —
RECONSIDERATION DENIED JULY 30, 1993.

*Sarina J. Woods*, for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Suzanne Wynn, Assistant District Attorneys*, for appellee.