68213. OLIVER v. THE STATE.

DEEN, Presiding Judge.

William Oliver brings this appeal from his conviction of aggravated assault.

1. Appellant first contends he was denied effective assistance of counsel. Although he argues that trial counsel did not file any pretrial motions, he does not specify what motions should have been filed on his behalf. Appellant further contends counsel failed to cross-examine two witnesses. We have examined the transcript and find that only one witness was not cross-examined. The witness was a police officer, and his testimony on direct examination was very brief. All of the prosecution's key witnesses were effectively cross-examined, and through direct examination of the defense witnesses and cross-examination of the state's witnesses, counsel raised a plausible defense of self-defense. There is no showing made that the defendant was incapable of standing trial or either unwilling or unable to withstand the rigors of cross-examination because of his alleged physical problems.

Counsel's attempt to convince the court to permit the defendant to make an unsworn statement does not render him ineffective and is merely trial strategy.

In determining the effectiveness of counsel, this court looks to the totality of the representation provided by counsel. *Dansby v. State*, 165 Ga. App. 41 (299 SE2d 579) (1983); *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). A defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight, " 'but counsel . . . likely to render *and rendering* reasonably effective assistance.' [Cits.]" *Austin v. Carter*, 248 Ga. 775, 779 (285 SE2d 542) (1982). *Simpson v. State*, 250 Ga. 365 (297 SE2d 288) (1982), relied upon by the state, is distinguishable from the instant case, as a motion for a new trial asserting this ground was filed in the court below. Moreover, we are unable to determine the court's meaning in holding "More importantly, defendant's two trial attorneys have not been heard on this issue."

2. As appellant has raised the general grounds, we have examined the trial transcript and find that from the evidence adduced at trial a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1984.

G. *Terry Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.