## 77291. TAYLOR v. THE STATE.
(379 SE2d 814)

POPE, Judge.

Appellant was convicted of armed robbery. He was sentenced to a term of twenty years, twelve to serve and eight on probation.

1. Appellant, represented on appeal by a new counsel who did not represent him at trial, argues that he did not receive effective assistance of counsel at trial. This is based on trial counsel's decision not to ask for a continuance in order to compel a witness under subpoena to appear. The witness, Yvette (or Evette, both spellings appear in the record) Stewart, was appellant's girl friend. Apparently, she would have testified that appellant spent the night with her the night of the crime. Through her testimony, appellant argues he could have buttressed his alibi. A review of the record shows that there is no merit to appellant's argument.

The evidence at trial was sharply at odds. The victim testified that as he pulled into his driveway sometime between midnight and 1:00 a.m., appellant approached him while he was still in his car and asked for a light. As the victim reached for matches, appellant pulled a pistol and took the victim's wallet, watch and car.

Appellant's version differed. He admitted he had the victim's car, but said that he had the car as a result of a deal with the victim. Appellant testified that the victim agreed to let him use the car for a couple of hours in return for appellant's forgiveness of a debt the victim owed him. Appellant denied taking the wallet or watch. He also said he left the victim's home earlier in the evening than midnight and eventually spent the night at Ms. Stewart's.

The evidence also showed that appellant was arrested the day following the crime. An officer observed appellant drive through a red light in the victim's car. When the officer tried to pull him over, appellant drove off into an apartment complex where he left the paved parking lot and drove the car down an embankment. When he could drive no further, he abandoned the car and fled on foot. He was caught shortly thereafter.

The defense proceeded originally on the theory of alibi. Before

trial, counsel visited and interviewed Ms. Stewart and subpoenaed her to appear at trial. Rather than have her wait the whole time at court, he agreed to have her call in and come when she was needed. At the beginning of the defense case, counsel sounded for Ms. Stewart, but she was not there. He then proceeded by putting appellant on the stand as he had always intended, saying he could call Ms. Stewart later.

However, counsel was forced to change tactics during the State's cross-examination of appellant. In explaining why he contended the victim owed him money, appellant testified that the debt was for drugs he had sold the victim and that he sold drugs sometimes to make extra money. Thus having placed his character squarely in issue, appellant was impeached by proof of five other crimes ranging from shoplifting to theft-by-taking to burglary. At a supplemental hearing following appellant's motion for new trial raising the issue of trial counsel's ineffectiveness, trial counsel testified that at that point he made a tactical decision not to seek a continuance to compel Ms. Stewart's attendance. He further testified that he was not anticipating the drug testimony from his client.

"We therefore consider 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Cits.]

"In order to prevail defendant must meet two tests: 1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable.

"Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.]" *Hosch v. State*, 185 Ga. App. 71, 72 (363 SE2d 258) (1987).

In light of appellant's testimony and his previous record, trial counsel's advocacy on behalf of his client was certainly enough to ensure the proper functioning of the adversarial process. The evidence at trial was sufficient to authorize the jury to believe the victim and to find appellant's version of events totally incredible.

2. Appellant argues that the trial court erred in failing to charge on alibi. This is without merit. The evidence at trial did not establish the impossibility of appellant's presence at the scene of the crime at the time of its commission. *Adams v. State*, 246 Ga. 119 (2) (269

SE2d 11) (1980); *Brewton v. State*, 174 Ga. App. 109 (1) (329 SE2d 270) (1985).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 10, 1989 —

Hurl R. Taylor, Jr., for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Assistant District Attorneys*, for appellee.