## A90A0040. RICHARDSON v. THE STATE.
### (390 SE2d 442)

SOGNIER, Judge.

Jerry John Richardson's conviction of incest and two counts of sodomy involving his stepdaughter was affirmed by the Supreme Court in *Richardson v. State*, 256 Ga. 746 (353 SE2d 342) (1987). Because Richardson's newly retained appellate counsel raised for the first time in that appeal the contention that Richardson had been denied effective assistance of counsel, the Supreme Court remanded the case to the trial court for, inter alia, "a hearing and appropriate findings with respect to the claim of ineffective assistance of trial counsel." Id. at 748 (8). After a hearing and consideration of portions of the trial transcript, the trial court denied Richardson's claim of ineffective assistance of counsel, and Richardson filed this appeal from that ruling in the Supreme Court. The Supreme Court, finding no basis for jurisdiction, transferred the appeal to this court.

" 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Cit.] In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) 'that counsel's performance was deficient,' i.e., that counsel's performance was not reasona-

ble under all the circumstances, and (2) that this 'deficient performance prejudiced the defense,' i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Cit.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Cit.] The complaining defendant must make both showings." *Ford v. State*, 255 Ga. 81, 85 (8) (335 SE2d 567) (1985).

1. With the foregoing standard in mind, we address appellant's first five enumerations, in which he sets forth the particular conduct he contends constituted trial counsel's ineffective assistance.

(a) The indictment described the victim as appellant's "daughter," whereas the victim was actually his stepdaughter. Although this was a variance, it was harmless, in that the incest statute prohibits sexual intercourse between father and stepdaughter as well as between father and daughter. OCGA § 16-6-22 (a) (1). Appellant asserts that trial counsel believed this defect in the indictment provided absolute grounds for dismissal, causing him to fail to prepare for trial. Counsel testified, to the contrary, that he "thought [the indictment] was defective. But, that was — nothing to do with the defense in the case." " 'The weight of the evidence and the credibility of the witnesses are questions for the factfinder. (Cits.)' [Cit.]" *Jackson v. State*, 188 Ga. App. 834, 838 (3) (374 SE2d 777) (1988). Thus, appellant's allegation was not supported by the evidence.

(b) As evidence of lack of trial preparation, appellant contends his trial counsel consulted with him for a total of only two and one-half hours before trial, which was inadequate. However, trial counsel testified at the hearing that he spent at least forty hours meeting with appellant in "individual communication." This conflict in the testimony properly could have been resolved by the trial court in counsel's favor.

(c) Appellant's assertion that lack of preparation was demonstrated by his trial counsel's failure to interview appellant's sons, and his further argument that there were valid defenses which were not presented because the sons were not called as witnesses, are both belied by the oldest son's testimony that he was interviewed by trial counsel in the presence of appellant but informed counsel that he "didn't know anything about it." Moreover, counsel testified that because of conversations between appellant and his then wife before the indictment or arrest, to which the older boy was privy, he "felt [the boy] would not have made a good witness for [appellant]." It thus appears that failure to call appellant's sons was a deliberate trial strategy. " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. . . .' [Cit.]" *Taylor v. State*, 190 Ga. App. 681, 682 (1) (379 SE2d 814) (1989).

(d) Appellant claims that counsel did not interview character wit-

nesses in advance of trial, but concedes that counsel had discussed with him the need for character witnesses at trial. Appellant was free on bond before trial and could himself have interviewed these witnesses, but did not do so. Further, counsel testified that he had been in touch with two of the people suggested by appellant as character witnesses and they were unwilling to testify in his behalf. We find no ineffectiveness in this regard.

(e) It is true, as argued by appellant, that his trial counsel did not interview before trial two important State witnesses, i.e., the victim (appellant's stepdaughter) and John Hutto, a DFCS worker whose testimony was extremely damaging to appellant. Counsel testified, however, that he sought diligently to interview appellant's stepdaughter, but was prevented from doing so by her mother, appellant's former wife. Counsel also testified that he had encountered Hutto as a witness in several prior trials and knew from previous attempts that Hutto would not permit a pretrial interview. As counsel offered reasonable explanations for his failure to interview these witnesses, it affords no basis for a claim of ineffectiveness.

(f) Appellant argues that counsel's ineffectiveness was displayed at trial when he allowed Hutto to testify, without objection, to hearsay statements of the victim. However, counsel's failure to object was harmless, because in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), decided five months before appellant's trial, the Supreme Court held that such prior *consistent* statements of the victim, as well as prior inconsistent statements, are admissible as substantive evidence, and any objection raised by counsel to Hutto's testimony on that basis would properly have been overruled.

(g) Appellant was similarly not harmed by counsel's failure to raise the issue of the constitutionality of Georgia's sodomy law, which at the time of trial had been declared unconstitutional by the United States Court of Appeals for the Eleventh Circuit, in view of the decision since rendered by the United States Supreme Court on this issue in *Bowers v. Hardwick*, 478 U. S. 186 (106 SC 2841, 92 LE2d 140) (1986). See *Ford*, supra at 85-86 (8) (a).

(h) Counsel called no witnesses in mitigation at the sentencing phase of the trial. However, appellant's mother, father, and brother did testify as to his character during the guilt/innocence phase of the trial. Counsel testified that in his opinion the character witnesses suggested by appellant would not have given testimony which was favorable. Counsel also testified that the primary purpose of referring appellant to a clinical psychologist for evaluation was to determine whether appellant had some sort of aberration which might afford him an affirmative defense, and that because the report indicated that the psychologist had found that appellant was "within normal parameters," counsel chose not to offer the testimony of the psychologist at

trial. This was apparently a strategy decision based on counsel's belief that the evaluation would not be important in mitigation, and as such does not indicate ineffectiveness. *Taylor*, supra at 682 (1).

"In determining the effectiveness of counsel, this court looks to the totality of the representation provided by counsel. [Cits.] A defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight, ' "but counsel . . . likely to render *and rendering* reasonably effective assistance." (Cits.)' [Cit.]" *Oliver v. State*, 170 Ga. App. 767, 768 (1) (318 SE2d 207) (1984). Under the totality of the circumstances presented here, although another attorney might have tried the case differently, we do not agree with appellant's contention that his trial counsel was so ill prepared that he failed to understand his client's factual claims or the legal significance thereof, or the basic procedural requirements applicable in court. Accordingly, we find no error in the trial court's conclusion that counsel was not ineffective.

2. Because we hold in Division 1 that trial counsel was not ineffective, we need not address appellant's contention that his trial counsel's deficient performance prejudiced the outcome of the trial. *Ford*, supra at 85 (8).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 30, 1990.

*Smith, White, Sharma & Halpern, Marilynn B. Kelm*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.