A91A0931. LEVITT v. THE STATE.
(410 SE2d 170)

COOPER, Judge.
Stephen Levitt appeals from his conviction of sexually molesting his four-year-old daughter and the denial of his motion for new trial.

1. Appellant contends that the trial court erred in refusing to grant his motion for directed verdict of acquittal on the general grounds. The State presented testimony of the victim's aunt and uncle and two cousins, with whom the child had stayed on a number of occasions while her family was living in a DeKalb County motel. On one such weekend, the victim told her 12 and 13-year-old cousins that her daddy had "hurt" her, identifying where she had been hurt by rubbing her fingers between her legs in her genital area. After the cousins related this to their parents, the couple also questioned the victim and were told the same story. When the aunt returned the victim to her mother and questioned the child in her mother's presence, the victim repeated the same events. Because the mother acknowledged that the victim had previously told her that appellant had hurt her in this manner, the aunt reported the information to the Department of Family & Children's Services and the child was placed in foster care.

Appellant contends the testimony of the relatives was contradictory and unreliable and should not have been admitted under the exception to the rule against hearsay testimony set forth in OCGA § 24-3-16. He also argues that the four-year-old victim's confused and inconsistent testimony was equally unreliable. However, appellant's argument addresses itself to the credibility of the witnesses, which is a matter within the province of the jury. *Seidel v. State*, 197 Ga. App. 14 (1) (397 SE2d 480) (1990); OCGA § 24-9-5 (b). " ' "(A) motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." (Cit.)' [Cit.] A careful review of the

record in a light most favorable to the jury's verdict reveals conflict in the evidence and further ' "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of the offense charged." (Cits.)' [Cits.] There was no error in denying the directed verdict or the motion for new trial." *House v. State*, 197 Ga. App. 644 (1) (399 SE2d 262) (1990).

2. Appellant also claims the State failed to prove venue beyond a reasonable doubt. The State's evidence showed that at the time the victim was molested, she, her mother and father and two siblings had been living in a DeKalb County motel, sharing one room with two beds since January of 1990. The indictment alleged that the molestation was committed between the first day of January and the second day of April. The DeKalb County detective who conducted the investigation testified that the victim told him the molestation occurred in the DeKalb County motel where she had been living; when the victim was questioned at trial as to where she was when her daddy hurt her, she drew a picture of one room with the entire family sleeping in it.

"Generally, criminal actions must be tried in the county where the crime was committed. OCGA § 17-2-2 (a). And, venue must be established beyond a reasonable doubt. [Cit.]" *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). " 'Circumstantial, as well as direct evidence, may be used to establish venue. [Cit.] . . . Since venue is a question for the jury, its decision will not be set aside if there is any evidence to support it. (Cits.)' [Cits.]" *White v. State*, 193 Ga. App. 428 (1) (387 SE2d 921) (1989). "Because no evidence conflicts with the conclusion that the crime was committed in [DeKalb] County, we find this evidence sufficient to establish venue in [DeKalb] County." *Minter*, supra at 630. Accord *Lewallen v. State*, 199 Ga. App. 798 (1) (406 SE2d 255) (1991).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Nancy K. Peterson*, for appellant.

*Robert E. Wilson, District Attorney, Michael D. Thorpe, Nelly F. Withers, Assistant District Attorneys*, for appellee.