A92A0953. MOODY v. THE STATE.
(425 SE2d 397)

POPE, Judge.
Defendant Gary Mitchell Moody was convicted of two counts of aggravated child molestation. He was originally sentenced to two con-

secutive ten-year terms but his sentence on the second count was subsequently vacated by the trial court. He appeals to this court following the denial of his motion and amended motion for new trial. *Held:*

1. Defendant first contends the trial court erred in denying his motion for new trial on the basis that his trial counsel was ineffective. " 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings.' (Citations and punctuation omitted.) *Richardson v. State,* 194 Ga. App. 358, 358-359 (390 SE2d 442) (1990)." *Jacobson v. State,* 201 Ga. App. 749, 752 (5) (412 SE2d 859) (1991); *Spivey v. State,* 193 Ga. App. 127, 130 (3) (386 SE2d 868) (1989).

(a) Defendant argues that counsel was confused about certain rules of evidence and about how to make appropriate objections to challenge the admissibility of the State's evidence. As to this general contention, our review of the record shows that trial counsel made numerous objections to the State's evidence at trial and that the trial court sustained many of counsel's objections and disallowed or struck the inadmissible evidence.

Defendant also argues that trial counsel failed to follow the proper procedure to obtain records prepared by employees of the Department of Family & Children Services. However, the record shows that the parties stipulated to certain evidence contained in those records and that other evidence, which defendant contends was contained in the files and which defendant contends "could have had some bearing" on the proceedings, was brought out at trial through the testimony of the witnesses. Likewise, although defendant now complains of counsel's failure to file a *Brady* motion, the prosecutor stipulated at the hearing on the motion for new trial that all exculpatory materials were provided to defendant. Thus, defendant has not shown how counsel's alleged deficiencies pertaining to evidentiary matters resulted in harm or prejudice to his defense.

(b) Defendant also points to the fact that defense counsel engaged in an unnecessary *Jackson-Denno* hearing. However, the prosecutor, not defendant's trial counsel, requested the hearing, and it was not until the hearing was under way that it became apparent to both

the trial court and defense counsel that the hearing was unnecessary.

(c) Defendant posits that trial counsel's closing argument was ineffective. However, as the trial court noted, the argument of counsel is not evidence to be considered by the jury; thus it is not surprising that defendant does not support this argument by showing a reasonable probability that the outcome of the trial would have been different if counsel had argued differently to the jury.

(d) Defendant also contends that the record shows many instances where counsel's cross-examination of certain witnesses was ineffective, or where counsel's preparation or investigation was inadequate and that adequate preparation and investigation would have led counsel to present certain witnesses or evidence which were not offered at trial. However, as to each instance complained of, the record shows either that counsel's cross-examination was effective, that evidence favorable to the defendant was presented, or that the decisions counsel made were the result of trial tactics. "The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. [Cits.] The appellate courts of this state are reluctant to reverse a case on the ground of ineffective assistance of counsel whenever the specific complaint urged can reasonably be construed as involving defense counsel's trial strategy. [Cits.]" (Citation and punctuation omitted.) *Ruffin v. State*, 201 Ga. App. 792, 795 (2) (412 SE2d 850) (1991).

(e) As a final argument in support of this enumeration, defendant posits that "the most glaring error was counsel's entire approach to the case." At the hearing on the motion for new trial, counsel testified that his basic defense strategy was that the State would not be able to prove defendant's guilt beyond a reasonable doubt. According to defendant, hoping the State will fail is not a sound defense strategy. However, as trial counsel further testified, his strategy was based on his belief that the State's evidence was scant and conflicting and that some actions he could have taken would have bolstered the State's case. The trial court also noted that the evidence was "slim" in denying defendant's motion for a directed verdict. Moreover, the record shows that counsel did not just sit idly by and hope that the State did not prove its case; instead, in addition to the presentation of a host of character witnesses who testified on defendant's behalf, the record is replete with instances where counsel either discredited the State's witnesses or brought out testimony favorable to the accused, had evidence stricken or disallowed, and made motions and arguments which, though not always granted by the trial court, resulted in favorable comments from the court on the persuasiveness of counsel's argument. Indeed as the State notes in its brief to this court, several

of the arguments and motions which trial counsel asserted at trial are now the grounds of defendant's enumerations of error to this court. "In determining the effectiveness of counsel, the court looks to the totality of the representation provided by counsel. A defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight but counsel . . . likely to render *and rendering* reasonably effective assistance. *Richardson v. State*, 194 Ga. App. 358 (1) (h) (390 SE2d 442) (1990). A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. The trial court's finding in the instant case is not clearly erroneous." (Citations and punctuation omitted.) *Penaranda v. State*, 203 Ga. App. 740, 745 (417 SE2d 683) (1992).

2. We have examined defendant's second enumeration of error challenging the trial court's charge to the jury and find it to be without merit. See *Ward v. State*, 199 Ga. 203, 209 (1) (33 SE2d 689) (1945).

3. Defendant contends that Dr. Moran, a pediatrician called by the State at trial, was improperly allowed to testify about statements made by the victim concerning acts of molestation by the defendant which were not charged in the indictment. However, " '[t]he state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. [Cit.] This is true even if the defendant's character is incidentally placed in issue.' [Cit.] [Cits.]" *Garrett v. State*, 188 Ga. App. 176 (1) (372 SE2d 506) (1988). We also find no merit to defendant's argument that Dr. Moran was not properly qualified as an expert in this case, or that he gave testimony outside the scope of his expertise.

4. Defendant also argues the trial court erred in not granting a mistrial after the mother of the victim testified defendant had used cocaine in the past. The record shows trial counsel objected to the testimony and moved for a mistrial at the time the testimony was offered and that the trial court instructed the jury to disregard the testimony and to inform the court if they could not disregard the testimony in reaching a verdict in this case. Moreover, evidence that defendant previously pled guilty to possessing cocaine and hashish with intent to distribute was subsequently introduced at trial, thus rendering any error arising from the trial court's refusal to grant a mistrial based on the mother's testimony harmless. See, e.g., *Huddleston v. State*, 259 Ga. 45, 48 (3) (376 SE2d 683) (1989).

5. Defendant next assigns error to the trial court's denial of his motion for directed verdict. " ' "(A) motion for directed verdict in a criminal (case) should only be granted where there is no conflict in

the evidence and the evidence demands a verdict of acquittal as a matter of law." (Cit.) "If there is any evidence of guilt, it is for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction." (Cit.)' [Cit.]" *Williams v. State*, 195 Ga. App. 476, 480 (4) (394 SE2d 123) (1990). Although the victim in this case did not testify, testimony was presented pursuant to the Child Hearsay Statute that the victim stated that the defendant had placed his mouth on the victim's penis, as charged in the indictments for aggravated child molestation. Although defendant questions the weight to be given the child's statements in light of certain inconsistencies brought out at trial, this "argument addresses itself to the credibility of the witnesses, which is a matter within the province of the jury." *Levitt v. State*, 201 Ga. App. 63 (1) (410 SE2d 170) (1991). After a careful review of the transcript in this case we conclude the evidence, though not overwhelming, was sufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Gorski v. State*, 201 Ga. App. 122 (1) (410 SE2d 338) (1991). Consequently, the trial court did not err in denying either the motion for directed verdict or the motion for new trial. *Levitt*, 201 Ga. App. at (1).

6. We find no merit to defendant's sixth enumeration of error. Although the defendant contends on appeal that the trial court improperly considered his prior conviction in imposing sentence for his convictions in this case, such objection was not raised at the sentencing hearing and thus need not be considered by this court. " 'If no objection is made at the pre-sentence hearing, a subsequent review by this court of that phase is eliminated.' [Cits.]" *Moss v. State*, 159 Ga. App. 317, 319 (283 SE2d 275) (1981). Moreover, in this case the court specifically noted that the State was not offering evidence of defendant's prior criminal record in aggravation at the hearing, inasmuch as evidence of defendant's guilty plea to drug charges was introduced into evidence at trial. This court has previously held that the provisions of OCGA § 17-10-2, requiring notice to be given to the defendant prior to the admission of evidence in aggravation at the pre-sentence hearing, do not apply when the evidence has been brought out without objection at trial. *Moss*, 159 Ga. App. at 319; *Mitchell v. State*, 136 Ga. App. 390, 392 (4) (221 SE2d 465) (1975).

7. Contrary to defendant's final enumeration of error, the court did not err in either the application or the use of the Child Hearsay Statute. See, e.g., *In the Interest of K. T. B.*, 192 Ga. App. 132 (384 SE2d 231) (1989); *Ortiz v. State*, 188 Ga. App. 532, 535 (3) (374 SE2d 92) (1988); see also *Hunnicutt v. State*, 198 Ga. App. 572, 573 (1) (402 SE2d 534) (1991). Likewise, defendant's constitutional challenges to the statute are without merit, inasmuch as our Supreme Court previously has decided that this statute is not constitutionally deficient.

*Eberhardt v. State,* 257 Ga. 420 (1) (359 SE2d 908) (1987), cert. denied, 484 U. S. 1069 (108 SC 1036, 98 LE2d 999) (1988); *Sosebee v. State,* 257 Ga. 298 (357 SE2d 562) (1987).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 20, 1992.

*Ballard, Slade & Ballard, H. Geoffrey Slade,* for appellant.
*W. Fletcher Sams, District Attorney, W. Hawley Stevens, Assistant District Attorney,* for appellee.