A94A0757. LOWERY v. THE STATE.
(443 SE2d 304)

McMURRAY, Presiding Judge.

Defendant Lowery appeals his conviction of two counts of aggravated assault and of possession of a firearm by a convicted felon. *Held*:

The victims on the two counts of aggravated assault were defendant's son and the son's girl friend. The State presented evidence that the victims made a trip to Fannin County to visit defendant and other family members. A family fishing trip ensued involving defendant, his two sons, and a friend of defendant's. After the fishing trip the victim-son drove back to defendant's home with him. The victim-

son and defendant were concerned about the absence of defendant's other son and friend who had driven back separately, so they, along with defendant's wife, went driving around looking for them. During this drive an argument involving familial issues erupted and defendant stopped the vehicle. The argument continued with the victim-son and defendant standing near the vehicle until defendant walked over to the truck, got a handgun and pointed it at the victim-son, who ran away. A shot was fired, and defendant drove away while the victim-son ran to a nearby store. Later, at defendant's home the other victim, the girl friend of the victim-son, encountered defendant, who was still accompanied by his wife, and who pointed a gun at her, ordered her off his property, and threatened her.

The State rested after the testimony of the two victims. Defendant's first witness was his wife, who first testified as to various relationships in the family and then acknowledged that the victim-son had been put out of a vehicle following an argument. However, defendant's wife denied that defendant had a firearm. Defense counsel then asked if there was any reason defendant did not have a gun and defendant's wife answered: "Because he's not allowed to carry one. Because he's a convicted felon." Shortly thereafter, at a bench conference held outside the hearing of the jury, the State raised the contention that the introduction of this evidence opened the door for the State to cross-examine defendant's wife concerning his felony convictions and defense counsel acknowledged that the State was entitled to do so. Both of defendant's enumerations of error on appeal are centered on these circumstances.

First, defendant contends that the trial court erred in ruling that the door for placing the defendant's character in issue was opened. However, this enumeration lacks merit since there was no objection preserving this issue for appeal nor any ruling by the trial court on this issue which we may review. The trial court's only remark on this matter was to note for the record the acknowledgment made by defense counsel. *Gambrel v. State*, 260 Ga. 197, 201 (5) (391 SE2d 406); *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395).

The remaining enumeration of error contends that defendant was denied his right to effective assistance of counsel. This contention is predicated upon the trial counsel's line of questioning quoted above which resulted in testimony concerning defendant's prior felony convictions. Defendant's appellate counsel maintains that this evidence was detrimental to the defense, and was inadvertently elicited by trial counsel, who was also deficient in failing to attempt to limit the scope of the State's cross-examination. However, upon the hearing on defendant's extraordinary motion for new trial, the burden was on defendant to present evidence to support his claim of ineffective assistance. The presence of defendant's trial counsel was not secured for

that hearing and the trial court was authorized to conclude from the evidence presented that trial counsel's elicitation of evidence as to defendant's criminal record was not inadvertent, but was deliberately done to support the defense. A decision on whether or not to place a defendant's character in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel. *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590); *Rogers v. State*, 210 Ga. App. 164 (2) (435 SE2d 457); *Rachell v. State*, 210 Ga. App. 106, 107 (3) 108 (435 SE2d 480); *Sydenstricker v. State*, 209 Ga. App. 418, 420 (3), 421 (433 SE2d 644); *Owens v. State*, 207 Ga. App. 153, 154 (1), 155 (1) (427 SE2d 529).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED APRIL 11, 1994.

*McDonald, Kinnamon & Thames, Todd L. Ray*, for appellant.
*Roger Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.