## A96A1281. RISER v. THE STATE.
### (474 SE2d 632)

BLACKBURN, Judge.

Kenneth Riser appeals his conviction for possession of drugs by an inmate.

As his sole enumeration of error, Riser contends that the trial court erred in holding that he was afforded effective assistance of counsel. In support of his argument, Riser cites several instances in the record where his trial counsel failed to object to the testimony of various witnesses concerning their knowledge of Riser's involvement with drugs and gambling while in prison, evidence which Riser alleges impermissibly placed his character in issue. For example, one prison official testified that he had received information that Riser was "involved in some drug trafficking," that he received information that inmates Rambo and Kirk were selling marijuana for Riser, and that Riser's "institutional file is ten volumes thick," although he also testified that he did not recall ever writing Riser up for drug possession. Another prison official testified that Riser "likes to run the parlays" and was involved in gambling, although he also testified that during the year prior to the incident at issue, he did not recall any previous instances in which drugs were found in Riser's cell. The prison warden testified that Riser was involved in "just about every illegal activity at the institution," although he was not caught with drugs until this occasion. In addition, one of the informants responsible for the search, Edward Davis, testified that Riser was "selling drugs" and "did a lot of gambling."

The trial court denied Riser's motion for new trial finding that the trial counsel's failure to object to the testimony at issue appeared to be part of trial counsel's strategy, and that there was no reasonable probability that the result would have been different if Riser's counsel had objected.

"In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The complaining defendant must make both showings." (Punctuation omitted.) *Moody v. State*, 206 Ga. App. 387, 388 (425 SE2d 397) (1992). Furthermore, "[a] trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." Id. at 390. No clear error was shown in the instant case.

"A decision on whether or not to place a defendant's character in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel." *Lowery v. State*, 212 Ga. App. 870, 872 (443 SE2d 304) (1994). The defense tried to establish reasonable doubt by suggesting that inmate Rambo conspired with prison officials to frame Riser. Given this defense, it was not clearly erroneous for the trial court to conclude that Riser's trial counsel's failure to object to the testimony at issue did not amount to a deficient performance because such testimony helped establish a possible motive for the alleged frame-up, i.e., Riser was thought to be a troublemaker and drug dealer who had managed to avoid being caught. In addition, the testimony concerning Riser's illegal activities at prison also implicated Rambo, suggesting a plausible explanation as to why Rambo would agree to frame Riser, i.e., Rambo may have expected, or was promised, leniency for his own illegal activities.[1]

Although Riser's trial counsel admits that she now thinks she erred in failing to object to some of the testimony at issue, she also admits that it was a toss-up call. "A defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight but counsel . . . likely to render *and rendering* reasonably effective assistance." *Moody*, supra at 390. Accordingly, the trial court's finding that Riser's trial counsel's failure to object was part of a reasonable trial strategy was not clearly erroneous.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

---

[1] We note that, shortly after the marijuana was found in a tobacco pack in Riser's cell, Rambo signed a confession alleging that Riser was holding the tobacco pack for him and that Riser had no knowledge of its illegal contents. Rambo recanted his confession, however, although at trial he admitted helping Riser hide the drugs in the tobacco pack.

DECIDED JULY 18, 1996.

*Cowart & McCullough, Hugh J. McCullough*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.