A98A0143. FOUNTAIN v. THE STATE.
(500 SE2d 614)

Judge Harold R. Banke.

Lonnie Fountain was convicted of possession of methamphetamine. The sole error enumerated on appeal alleges ineffective assistance of counsel.

This case arose as Fountain met his ex-wife in a gas station parking lot to deliver child support. A deputy saw him, inquired as to his identity, radioed that information to a dispatcher, and learned of an outstanding warrant for Fountain's arrest for violating a temporary restraining order. The deputy arrested Fountain and transported him to the jail, where he was searched. Three baggies of methamphetamine were discovered on his person.

At trial, Fountain's counsel began his direct examination by asking Fountain how he got involved with Pickens County. Fountain testified that five years before, he had been arrested on a drug charge

and was in fact guilty. Fountain then explained that as a condition of his probation he covertly began assisting with drug interdiction in Pickens County, making several buys. Fountain's defense was that he had purchased the methamphetamine to assist law enforcement authorities. *Held*:

Fountain argues that his trial counsel's decision to introduce evidence of his criminal record constituted ineffective assistance. We disagree.

To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and but for the deficiency there was a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Review of counsel's performance, however, must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 448 (2) (394 SE2d 116) (1990). Tactical errors do not constitute ineffective assistance. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994).

The trial court's conclusion that counsel's decision to elicit Fountain's criminal history was tactical is not clearly erroneous. *Wingfield v. State*, 226 Ga. App. 448, 450 (4) (486 SE2d 676) (1997). Fountain bore the burden of presenting evidence establishing his trial counsel's ineffectiveness. *Lowery v. State*, 212 Ga. App. 870, 871 (443 SE2d 304) (1994). His failure to secure trial counsel as a witness at the motion for new trial hearing authorized the trial court's conclusion, particularly when the record shows that counsel used Fountain's prior conviction as an explanation for his sole defense that he obtained the contraband to aid the State. Id. Further, the evidence was sufficiently overwhelming to prevent Fountain from showing prejudice.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MARCH 30, 1998.

*Gregory A. Hicks*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.