## S11A1883. DAVIS v. THE STATE.
(723 SE2d 431)

BENHAM, Justice.

Appellant Mark S. Davis was convicted of felony murder for the November 27, 2008, death of the victim Roy Robinson.[1] He appeals from the denial of his motion for a new trial. For the reasons set forth below, we affirm.

1. Appellant contends the trial court erred when it upheld its denial of his motion for a directed verdict. We review the denial of a motion for directed verdict as we would a claim challenging the sufficiency of the evidence. *Bell v. State*, 284 Ga. 790 (1) (671 SE2d 815) (2009); *Thomas v. State*, 239 Ga. 734 (2) (238 SE2d 888) (1977).

The record shows that on Thanksgiving day 2008, appellant, Robinson, Terry Shawn Luke, and Priscilla Lowe were having dinner at Lowe's apartment. Throughout the day, appellant, Robinson, and Lowe had been drinking beer and, after dinner, they began drinking liquor provided by Robinson. Appellant and Robinson, who were both intoxicated, started roughhousing with each other. The fight became more serious when appellant pushed Robinson and Robinson struck appellant in the back of the head with a drinking glass which shattered on impact, cutting appellant's neck. Luke testified that appellant pulled out a knife from his pocket after being hit with the glass. Luke and Lowe testified that Robinson came forward with a couch cushion, verbally threatening appellant. Appellant chased Robinson with the knife and stabbed Robinson to death in the hallway of the apartment. Neither Luke nor Lowe witnessed the stabbing because Luke had retreated to the bathroom and Lowe had

[1] On February 17, 2009, a Bibb County grand jury indicted appellant for malice murder and felony murder (aggravated assault). Appellant was tried before a jury from July 22 to July 24, 2009, and the jury convicted him of felony murder for which the trial court sentenced him to life in prison. Appellant filed a motion for new trial on July 27, 2009, and amended that motion on November 4, 2010. The trial court held a hearing on the motion on November 4, 2010, and denied the motion on May 3, 2011. Appellant timely filed a notice of appeal on May 31, 2011, and the case was docketed to the September 2011 term of this Court for a decision to be made on the briefs.

retreated to the kitchen to avoid the melee. Lowe testified that she heard "bodies hitting walls" while she was in the kitchen. After the fight was over, Lowe saw appellant leave the house with a knife in his hand. She also saw the victim lying on the floor in the hallway, asking her to call 911. Robinson died at the scene from his injuries which included "sharp-force wounds" to his heart, lung, diaphragm and liver. No form of a weapon was found on Robinson's body.

Appellant was arrested that same night and identified by Luke and Lowe as the perpetrator. Appellant told the police where to look for the knife, and the police recovered it. At trial, appellant testified that he acted in self-defense. According to appellant, after Robinson had hit him in the head with the drinking glass, Robinson "slung" at him with a shard of broken glass trying to cut him at least twice. Appellant testified that he protected himself with the knife by stabbing Robinson.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder, even in light of evidence submitted in support of appellant's claim of self-defense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311) (1984); *Thomas v. State*, 239 Ga. at 735 ("The conclusion that a party acted in self-defense is one the jury is permitted, but not required, to draw from the evidence"). The trial court did not err when it upheld its decision to deny appellant's motion for a directed verdict.

2. Appellant alleges his trial counsel rendered constitutionally ineffective assistance when (a) counsel failed to call a defense expert who could purportedly refute the medical examiner's testimony that the victim only had defensive wounds on his body and thereby corroborate appellant's testimony that appellant acted in self-defense when the victim "slung" at appellant with a piece of broken glass; and when (b) counsel introduced the videotape of appellant's interrogation by the police. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). A defendant who contends a strategic decision constitutes deficient performance, must show "that no

competent attorney, under similar circumstances, would have made it." *Bowie v. State*, 286 Ga. 880 (3) (b) (692 SE2d 371) (2010).

(a) The decision whether to call an expert witness is a matter of trial strategy within the broad range of professional conduct afforded trial attorneys. *Bharadia v. State*, 282 Ga. App. 556 (6) (a) (639 SE2d 545) (2006). After the close of the State's evidence, appellant's counsel proffered as an expert the emergency room doctor who treated the cuts on appellant's neck. The doctor did not testify about the victim's hand wound and/or its nature as defensive or offensive. At the motion for new trial hearing, trial counsel testified that during his pre-trial preparation, he asked the emergency room doctor whether the wound on the victim's hand came from broken glass or from a knife, and the doctor advised that the source of the wound could not be confirmed one way or the other. The expert appellant presented at the motion for new trial hearing testified on direct examination that the hand wound was consistent with some-one holding a piece of broken glass in his hand. On cross-examination, the expert was asked whether the victim could have received the hand wound when the victim hit the appellant with the drinking glass and the glass shattered on impact. The expert responded in the affirmative. Since the trial expert and the motion for new trial expert were both equivocal about the cause of the victim's hand wound, it cannot be said that no competent attorney would have done what trial counsel did under the circumstances — that is, choosing to forgo calling another expert to testify. See *Hendricks v. State*, 290 Ga. 238 (4) (b) (719 SE2d 466) (2011) (defendant could not prevail on ineffective assistance claim where he could not show favorable evidence could have been elicited if an expert witness had been called). Accordingly, appellant has failed to show that his attorney was deficient in failing to call another expert and/or that appellant was prejudiced therefore. Id.; *Bowie v. State*, 286 Ga. 880 (3) (b). The trial court did not err when it denied appellant's motion for new trial on this ground.

(b) Upon receiving admonition from the trial court, appellant decided to take the stand in his own defense. At the conclusion of appellant's testimony under direct and cross-examination, his attor-ney introduced and played for the jury the videotape of appellant's interrogation by police. After the tape was played, the State was allowed, over counsel's objection, to cross-examine appellant a sec-ond time, enabling the prosecutor to highlight for the jury the inconsistencies between appellant's testimony and his statements to police. Appellant contends his counsel was ineffective when he proffered the videotape without warning appellant he could be cross-examined about the statements he made therein prior to

appellant making a decision to testify.

> The standard regarding ineffective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance. In determining what constitutes ineffective assistance, a critical distinction is made between inadequate preparation and unwise choices of trial tactics and strategy. Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight or result.

*Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998) (citations and punctuation omitted).

At the motion for new trial hearing, trial counsel testified that he introduced the videotape because he believed it supported appellant's self-defense claim and believed it cast a favorable light on appellant and an unfavorable light on the police investigator. Counsel also testified that because the State was prohibited from introducing the videotape during its case-in-chief, he believed it was improper for the trial court to allow a second cross-examination of appellant regarding the videotape. While he did not expect appellant to be questioned about the videotape,[2] trial counsel stated he did not think appellant's responses to the prosecutor's questions about the videotape were problematic. Counsel did, however, believe appellant's demeanor at the time was harmful because appellant seemed to be angry. Since trial counsel presented reasonable strategic reasons for introducing the videotape, the fact that appellant was ill-prepared or made uncomfortable by the cross-examination regarding the videotape and, in hindsight, may not have elected to testify, does not support a claim of ineffective assistance of counsel. *Bowie v. State*, 286 Ga. 880 (3) (b); *Sledge v. State*, 312 Ga. App. 97 (2) (a)-(b) (717 SE2d 682) (2011) (counsel was not deficient for introducing videotape of defendant's previous arrest because the decision to introduce the videotape was part of reasonable trial strategy); *Fountain v. State*, 231 Ga. App. 700 (500 SE2d 614) (1998) (tactical errors do not constitute ineffective assistance in a case where defendant's counsel introduced defendant's prior criminal history). Therefore, appellant cannot sustain his claim of ineffective assistance of counsel.

3. During the medical examiner's testimony, one of the jurors asked for a break. A break was taken, and the bailiff soon found the juror unconscious in the jury room. The remaining jurors were

---

[2] Appellant does not raise as error the trial court's decision to allow the State to cross-examine appellant about statements he made on the videotape.

sequestered in another area while paramedics attended to the juror whom the court ultimately allowed to go home. When the other jurors returned to the courtroom, the trial court informed them that the juror was fine and had been sent home. The trial court then admonished the jurors to pay attention and render an impartial verdict. Appellant alleges the trial court erred when it did not poll the jury to determine the jurors' continued impartiality.

"A defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action. [Cit.] [Defendant's] failure to do so waives appellate review of any alleged impropriety. [Cit.]" *White v. State*, 281 Ga. 276, 280-281 (5) (637 SE2d 645) (2006) (punctuation omitted). In this case, appellant did not posit any concern or objection to the trial court's handling of the interruption at the time it occurred. Accordingly, appellant has waived appellate review of any alleged impropriety (id.), and the trial court's judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2012.

*Bernadette C. Crucilla*, for appellant.

*Gregory W. Winters, District Attorney, Sandra G. Matson, Dorothy V. Hull, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.